IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUMAIN BLACK, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:22-CV-792-O |
| § | (NO. 4:21-CR-030-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Qumain Black, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 10, 2021, Movant was named in a two-count superseding indictment charging him in count two with conspiracy to commit sex trafficking through force, fraud, and coercion, in violation of 18 U.S.C. § 1594(c). CR ECF No.[1] 24. Movant initially pleaded not guilty to the charge. CR ECF No. 50. He later signed a factual resume setting forth the penalties he faced, the elements of the offense, and the stipulated facts establishing that he had committed the offense. CR ECF No. 75. Among other things, he stipulated that, during the course of the conspiracy, he had threatened his victims by pointing firearms at them, forced them to have sex with friends and family, and physically assaulted his victims. *Id.* He also signed a plea agreement with waiver of

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:21-CR-030-O.

appeal pursuant to Fed. R. Crim. P. 11(c)(1)(C). CR ECF No. 76. The plea agreement likewise set forth the penalties Movant faced. It also explained that the sentence would be wholly within the Court's discretion; the parties agreed that the appropriate term of imprisonment was no more than 240 months; the government would not bring any additional charges based on and related to the conduct underlying the plea; Movant waived his right to appeal except in limited circumstances; Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his representation; and, the plea agreement contained the entirety of the agreement between the parties. *Id.*

On June 2, 2021, Movant appeared before the United States Magistrate Judge and entered his plea of guilty. CR ECF No. 78. He testified under oath that: he voluntarily of his own free will entered into the plea agreement with the government; other than the plea agreement, no one had made any promise or assurance of any kind to induce him to plead guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; and, he understood his plea contained a binding recommendation that his imprisonment be capped at 240 months and that if the sentence was more severe than he expected, he would still be bound by the plea agreement.CR ECF No. 154. The magistrate judge issued a report and recommendation that the plea be accepted. CR ECF No. 80. No objections were filed and the Court accepted the plea. CR ECF No. 89.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 93, ¶ 52. Because the offense involved at least three admitted victims, the PSR calculated two additional pseudo counts for the additional victims. *Id.* ¶¶ 59–72. Accordingly, the adjusted offense level was 37. *Id.* ¶ 76. Movant received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 79, 80. Based on a total

offense level of 34 and a criminal history category of I, the guideline imprisonment range was 151 to 188 months. *Id.* ¶ 112. Movant objected, CR ECF No. 99, and the probation officer prepared an addendum to the PSR rejecting the objection. CR ECF No. 119.

The Court sentenced Movant to a term of imprisonment of 170 months. CR ECF No. 132. He appealed. CR ECF No. 134. His appeal was dismissed as barred by his waiver. CR ECF No. 222.

## II.  GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion: (1) breach of plea agreement by the government; (2) abuse of discretion by the probation officer in finding that Movant was convicted under 18 U.S.C. § 1591(B)(1) [sic] instead of § 1591(A)(1) & (A)(2) [sic]; (3) breach of plea agreement by the court; and, (4) ineffective assistance of counsel. ECF No.[2] 1 at 5, 6, 8, & 9.

## III.  STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The ECF No. __" reference is to the number of the item on the docket in this civil action.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

4

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.     ANALYSIS**

In his first ground, Movant argues that the government breached the plea agreement "when it found defendant underlying offense of conviction was 18 U.S.C. [sec.] 1591(B)(1) instead of 18 U.S.C. [sec.] 1591(A)(1) and (A)(2)." ECF No. 1 at 5. The allegation is wholly conclusory and insufficient to state a claim for relief. The government generously interprets the allegation to be that the government breached the plea agreement by arguing at sentencing for a base offense level of 34. ECF No. 8 at 8. Of course, this ground could and should have been raised on appeal and cannot be raised here for the first time without a showing of cause and prejudice. *Frady*, 456 U.S. at 165. Movant has failed to do so. In any event, the plea agreement merely reflects that the parties agreed that the appropriate term of imprisonment would be no more than 240 months. CR ECF No. 76, ¶ 4. Advocating for a particular guideline range is not a breach of the plea agreement. *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010); *United States v. Melendez-Gonzalez*, 690 F. App'x 170, 171 (5th Cir. 2017).

In his second ground, Movant alleges that the probation officer abused her discretion in finding that Movant was convicted of the substantive offense 18 U.S.C. [sec.] 1591(B)(1) instead of 18 U.S.C. [sec.] 1591(A)(1) and (A)(2). In other words, the probation officer erred in determining that Movant's base offense level was 34, rather than 14, under USSG 2G1.1(a). ECF No. 1 at 6. In his third ground, he alleges that the Court breached the plea agreement by calculating

the offense level as 34 instead of 14. *Id.* at 8. Of course, the Court is not a party to the plea agreement. In any event, these grounds fail for a number of reasons.

The plea agreement contains a waiver of the right to appeal except in limited circumstances. CR ECF No. 76, ¶ 12. Miscalculation of the guideline range is not one of them. *Id.* Moreover, misapplication of the guidelines is not a cognizable issue on collateral review. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). And, finally, for the reasons discussed in the government's response, ECF No. 8 at 12–14, there was no miscalculation in any event. (Movant's reply reflects that he fundamentally misunderstands that § 1591(a) sets forth an offense and § 1591(b) sets forth the punishment for the offense.)

In his fourth ground, Movant alleges that he received ineffective assistance of counsel because his attorney "erroneously advised defendant to the offense level of 14." ECF No. 1 at 9. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

In this case, the record establishes that Movant's plea was knowing, voluntary, and intelligent. He testified under oath that no one had made any promise or assurance of any kind to induce him to plead guilty and that he understood that he could be sentenced to a term of imprisonment up to 240 months. CR ECF No. 154. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His plea

6

agreement and factual resume are likewise entitled to this presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). His fourth ground is without merit.[3]

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 20th day of January, 2023.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] Contrary to the allegation in the reply, the record does not reflect that Movant sought to withdraw his plea. ECF No. 9 at 5. Given that the plea was knowing, voluntary, and intelligent, there would have been no basis for doing so.